# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**FALCON DRILLING LLC,**

   **Plaintiff,**

 v.              Civil Action 2:21-cv-4316
                Judge Edmund A. Sargus
                Magistrate Judge Kimberly A. Jolson

**OMNI ENERGY GROUP LLC, et al.,**

   **Defendants.**

## REPORT AND RECOMMENDATION

  This matter is before the Court on Plaintiff's Motion to Remand to State Court. (Doc. 10). For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion to Remand to State Court be **GRANTED**. Further, Plaintiff is **AWARDED** attorney's fees, but additional briefing on the fee amount is **PERMITTED**.

**I. BACKGROUND**

  Plaintiff Falcon Drilling, LLC filed a complaint for breach of contract, foreclosure, and other relief in the Court of Common Pleas of Belmont County, Ohio, on August 5, 2021. (Docs. 3, 4). The allegations focus on Defendant Omni Energy Group, LLC's contract with Plaintiff to "provide labor, work, and materials pertaining to oil and gas waste-injection wells in Ohio . . . ." (Doc. 10 at 3). Plaintiff alleges Defendant Omni breached the contract by refusing to pay Plaintiff the amount owed under the contract. (Doc. 4 at 17). For its part, Defendant Omni states there were "material problems with Plaintiff's contract performance" and thus it terminated the contract on April 22, 2021. (Doc. 1 at 3). In May 2021, Plaintiff recorded a mechanic's lien on the real property upon which Defendant Omni's wells are located and which Plaintiff says it improved through contract performance. (Docs. 10 at 3; 1 at 4). The lien, filed in the Belmont County

Recorder's Office, is for $463,551.52. (Doc. 10 at 3). To cover its alleged damages, Plaintiff seeks to foreclose on the property. (Doc. 4 at 18–19, 20).

The other defendants are named because of their interest in the real property on which Plaintiff's mechanic's lien is placed. Gerard Russomagno is the owner of the real property at issue and is the Managing Member of Defendant Omni, and Jane or John Doe is his spouse who might have a dower interest in the property. (Docs. 10 at 4; 1 at 4; 4 at 2–3). Belmont County Treasurer, Katherine Kelich, has a first lien security interest in the property due to unpaid taxes. (Doc. 4 at 3). Rice Drilling D, LLC and EQT Production Company have an interest in the property due to an oil and gas lease (Doc. 10 at 4), and Northeast Fluid Supply & Service, LLC has a security interest in the property because of a mechanic's lien. (*Id.*).

Defendants Omni and Russomagno (jointly "Removing Defendants") removed this action to federal court on September 2, 2021. (Doc. 1). The basis of removal was diversity subject matter jurisdiction under 28 U.S.C. § 1332. (*Id.* at 3). Removing Defendants argue removal is proper because there is complete diversity between the parties to the contract (Plaintiff and Defendant Omni), and the action is for over $75,000. (Doc. 1). Since the contract dispute must be decided prior to the foreclosure, they argue the contract action is predominant—and none of the other parties to the litigation matter at this stage. (*Id.*). Thus, they say, there is subject matter jurisdiction because there is complete diversity between Defendant Omni, a New Jersey and Ohio citizen, and Plaintiff, a Pennsylvania citizen. (*Id.*).

Seeing jurisdiction differently, Plaintiff moved to remand (Doc. 10) on September 28, 2021. The Removing Defendants responded (Doc. 14), and Plaintiff filed a Reply (Docs. 15, 16).

## II. STANDARD

A defendant may remove a state court action when a federal court would have original

jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction in civil cases where the amount in controversy is over $75,000 and is between citizens of different states, also known as diversity jurisdiction. 28 U.S.C. § 1332(a). Relevant here, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732–33 (6th Cir. 2002)).

But there is an important limitation on removal in diversity cases. Known as the forum defendant rule, an action removed solely on the basis of diversity jurisdiction, "may not be removed if any . . . defendant[] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see, e.g.*, *Lattimer v. Nationwide Mut. Ins. Co.*, No. 3:20-CV-028, 2020 WL 5810005, at *3 (S.D. Ohio Sept. 30, 2020); *Champion Chrysler Plymouth v. Dimension Serv. Corp.*, No. 2:17-CV-130, 2017 WL 1276727, at *1–2 (S.D. Ohio Apr. 6, 2017). The forum defendant rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *Lattimer*, 2020 WL 5810005, at *3 (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed. 2003)). "The forum defendant rule disallows federal removal in cases premised on diversity because the primary rationale for diversity jurisdiction—to protect defendants against a presumed bias of local courts—is not a concern when at least one defendant is a citizen of the forum state." *Id.*

The Sixth Circuit has held that "§ 1441(b)(2) is non-jurisdictional and must be raised by the plaintiff in a motion to remand." *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n. 2 (6th Cir. 2012). A plaintiff's motion to remand must be filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). If a timely objection is made by a plaintiff

3

to a defective removal, the court should remand the case. *Id.*; *see also Bank of New York Mellon v. Odigie*, No. 3:18-CV-00822, 2018 WL 6171425, at *1 (M.D. Tenn. Nov. 26, 2018).

Finally, "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citation omitted). And "removal statutes are to be strictly construed, and all doubts should be resolved against removal." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017), *cert. denied sub nom. Cook v. Mays,* 138 S. Ct. 1557, 200 L. Ed. 2d 743 (2018) (citations and internal quotation marks omitted).

**III.   DISCUSSION**

Plaintiff argues this case should be remanded because (1) removal is precluded under § 1441(b)(2), the forum defendant rule; and (2) the Court does not have original jurisdiction over this action because complete diversity does not exist. (*See generally* Doc. 10). Since the Undersigned finds remand appropriate under the forum defendant rule, original jurisdiction need not be addressed. In addition, Plaintiff seeks attorney's fees for having to brief the jurisdictional matter. The Undersigned agrees that attorney's fees are warranted but permits additional briefing on the reasonableness of the amount.

**A.   Forum Defendant Rule**

This case requires a straightforward application of the forum defendant rule. Defendant Omni, in the Notice of Removal, states that it has seven members—five residing in New Jersey and two residing in Ohio. (Doc. 1 at 5). Since a limited liability company takes on the citizenship of its members, Defendant Omni is a citizen of New Jersey and Ohio. *See Delay*, 585 F.3d at 1005 (citing *Homfeld II, L.L.C.*, 53 F. App'x at 732–33). This action was brought in the Belmont County Court of Common Pleas, a court of the State of Ohio. (Doc. 4 at 1). Thus, this action was

4

improperly removed to federal court under § 1441(b)(2) because Defendant Omni is a citizen of Ohio, and this action was originally filed in an Ohio state court. Removing Defendants do not meaningfully contest this issue. Instead, defense counsel admits: "[T]he undersigned [defense counsel] must acknowledge Defendants are unable to satisfy 28 U.S.C. 1441(b)(2)." (Doc. 14 at 1). So, it is undisputed that removal is defective under § 1441(b)(2).

Additionally, Plaintiff filed this Motion to Remand on September 24, 2021, within 30 days of Defendants' Notice of Removal, so it is timely. Thus, the Undersigned **RECOMMENDS** Plaintiff's Motion to Remand (Doc. 10) be **GRANTED**.

### B. Attorney's Fees

Plaintiff requests "just cost and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). District courts have "considerable discretion to award or deny costs and attorney fees" under § 1447(c), but they are guided by the Supreme Court's opinion in *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005). *Warthman v. Genoa Twp. Bd. of Trustees,* 549 F.3d 1055, 1059 (6th Cir. 2008). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. At times, the Sixth Circuit has used the phrase "fairly supportable," rather than "objectively reasonable," but the ultimate analysis is the same. And it often turns on "the clarity of the law at the time the notice of removal was filed." *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (quoting *Lott v. Pfizer*, 492 F.3d 789, 792 (7th Cir.2007)). Also, an award of fees does not require the district court to find "bad faith, improper purpose, or vexatious or wanton conduct." *Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925, 929 (S.D. Ohio 2007).

5

If the district court finds that there was no objectively reasonable basis for removal, then "the district court may exercise its discretion to award fees or not, keeping in mind the underlying purposes of § 1447(c) awards and the general presumption that fees should be awarded under such circumstances." *Warthman*, 549 F.3d at 1061.  The purpose of § 1447(c) is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.  Fee shifting under § 1447(c) is appropriate in some cases because "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.  Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.*

Here, Defendants' removal was not objectively reasonable or fairly supportable.  It is well established that when removal of a state court action is based upon §1332 diversity jurisdiction, the action "may not be removed if any . . . defendant[] is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Defendant Omni is an Ohio citizen, and this action was brought in Ohio state court.  (Doc. 1 at 1, 5).  So, § 1441(b)(2) expressly bars removal.  There was no objectively reasonable basis from which to conclude otherwise.  *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (finding no objectively reasonable basis for removal because there was neither diversity nor federal question jurisdiction).  The forum defendant rule deprives Defendants of an objectively reasonable, fairly supportable removal.  And, again, Defendants do not contest this application of the forum defendant rule.  (Doc. 14 (acknowledging that "Defendants are unable to satisfy 28 U.S.C. § 1441(b)(2).")).

Since there was no objectively reasonable basis for removal, an award of attorney's fees to compensate Plaintiff is appropriate. Defendants argue that fees are unwarranted because they acted in good faith. (Doc. 14 at 4). Yet, appropriateness of fees is not based on whether the removal was in good faith; instead, all that matters is whether there was an objectively reasonable basis for removal. And "good faith is not the same as acting with an objectively reasonable basis . . . ." *3W Int'l, Inc. v. Scottdel, Inc.*, 722 F. Supp. 2d 934, 936 (N.D. Ohio 2010) (awarding fees after improper removal under § 1441(b)(2)).

Defendants also argue that the forum defendant rule is "waivable," so fees are not appropriate. (Doc. 14 at 2–4). This argument likewise gets Defendants nowhere. The only implications of the "waivable" nature of the forum defendant rule are that a plaintiff must move to remand within thirty days and if they do not, the federal court maintains subject matter jurisdiction despite the improper removal. *See* 28 U.S.C. § 1447(c). Here, Plaintiff made a timely motion to remand, so the "waivable" nature of the forum defendant rule makes no difference.

Because the Court finds there was no objectively reasonable basis for removal and it does not find Defendants' argument persuasive, the Court presumes an award of fees to be warranted. *See Warthman*, 549 F.3d at 1061. Further, the Undersigned finds an award of fees to be necessary to deter improper removals, a purpose of § 1447(c). *Id.* A defendant's removal under § 1441 is not reviewable by the state court and happens automatically. Consequently, Congress found it is necessary to deter improper removals (those "sought for the purpose of prolonging litigation and imposing costs on the opposing party") through a fee-shifting provision. *Martin*, 546 U.S. at 140. Due to the presumption that fees are appropriate—and the need to deter improper removals—fees are appropriate here.

7

Still, the Court must determine the reasonable amount of such an award. Determining a reasonable fee begins with calculating the product of 'a reasonable hourly rate' and 'the number of hours reasonably expended on the litigation.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff, as the party seeking fees, "bears the burden of proof on the number of hours reasonably expended and the reasonableness of the rates claimed." *Shooter Const. Co. v. Wells Fargo Ins. Servs. USA, Inc.*, No. 3:11-CV-181, 2011 WL 6339680, at *3 (S.D. Ohio Nov. 28, 2011), report and recommendation adopted sub nom. *Shooter Const. Co. v. Accordia of Ohio, LLC*, No. 3:11-CV-181, 2011 WL 6370061 (S.D. Ohio Dec. 19, 2011) (citing *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). In determining a reasonable number of hours, the district court may "exclude[s] excessive redundant, or otherwise unnecessary hours." *Id.* To determine a reasonable hourly rate, "[a] useful guideline . . . is the prevailing market rate in the relevant community." *Kent State Univ. Bd. of Trustees*, 2011 WL 1578505, at *2 (quoting *Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x 442, 447 (6th Cir. 2009)) (internal quotation marks omitted).

In Reply, Plaintiff requested $16,942.61 in fees and provided supporting documentation. (*See generally* Doc. 15). Given this posture, Defendants have not had an opportunity to address the reasonableness of the fee amount requested. Thus, the Undersigned **PERMITS** the following briefing. Defendants may file a response on the issue of the fee amount on or before **November 8, 2021**, and Plaintiff may file a reply seven (7) days from the date of Defendant's response. The parties' briefs are **limited** to five (5) pages each.

IV. **CONCLUSION**

For these reasons, it is **RECOMMENDED** that Plaintiff's Motion to Remand to State Court (Doc. 10) be **GRANTED**. Further, Plaintiff is **AWARDED** fees, but additional briefing on the reasonableness of the fee amount is **PERMITTED**. Defendants may file a response on fees

on or before **November 8, 2021**, and Plaintiff may file a reply seven (7) days from the date of Defendant's response. Additionally, the parties' briefs are **limited** to five (5) pages each.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)( 1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: October 28, 2021          /s/Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE