IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FALCON DRILLING LLC,

      Plaintiff,

                                       Civil Action 2:21-cv-4316
v.                                  Judge Edmund A. Sargus
                                       Magistrate Judge Kimberly A. Jolson

OMNI ENERGY GROUP LLC, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Remand which, in part, requested attorney's fees. (Doc. 10). Previously, the Undersigned determined that remand and an award of attorney's fees were warranted. (Doc. 17). To consider fully Plaintiff's specific fee request, the Undersigned permitted additional briefing. (*Id.* at 8). The parties filed their respective briefs (Docs. 18, 19) so the matter is ripe for review. For the following reasons, the Undersigned concludes that $11,477.61 is a reasonable fee award.

**I.    STANDARD**

When determining the reasonableness of attorney's fees, "[i]t is well settled that the 'lodestar' approach is the proper method[.]" *Barrett v. Green Tree Serv.*, 214 F. Supp. 3d 670, 674 (S.D. Ohio 2016) (quoting *Bldg. Serv. Local 47 Cleaning Conts. Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995)). The lodestar approach considers "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). While there is a "strong presumption" that this lodestar figure represents a reasonable fee, *Ousley v. General Motors Retirement Program for Salaried Employees*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Hensley*, 461 U.S. at 433), the

movant bears the burden of proving that the number of hours expended and the rates claimed were reasonable, *Wilson v. Bridge Overlay Systems, Inc.*, No. 2:14-CV-156, 2016 WL 164056, at *1 (S.D. Ohio Jan. 14, 2016) (citing *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)).

Important here, district courts have discretion "to adjust the [lodestar figure] upward or downward." *Hensley*, 461 U.S. at 434; *see also Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) ("Once the lodestar figure is established, the trial court is permitted to consider other factors, and to adjust the award upward or downward to achieve a reasonable result.") (citation omitted). In determining a reasonable number of hours, the district court may "exclude excessive, redundant, or otherwise unnecessary hours." *Shooter Const. Co. v. Wells Fargo Ins. Servs. USA, Inc.*, No. 3:11-CV-181, 2011 WL 6339680, at *3 (S.D. Ohio Nov. 28, 2011), report and recommendation adopted sub nom. *Shooter Const. Co. v. Accordia of Ohio, LLC*, No. 3:11- CV-181, 2011 WL 6370061 (S.D. Ohio Dec. 19, 2011). Where the court lowers the award, it "should state with some particularity which of the claimed hours [it] is rejecting, which it is accepting, and why." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997).

## II. DISCUSSION

The starting point when determining the reasonableness of attorney's fees is the lodestar method: the product of the number of reasonable hours worked times the reasonable hourly rate. *Easter v. Beacon Tri-State Staffing, Inc.*, No. 2:17-CV-00197, 2020 WL 419433, at *1 (S.D. Ohio Jan. 27, 2020).

### A. Hourly Rate

"The first step in the [l]odestar analysis is to determine whether Plaintiff's counsel has proffered a reasonable hourly billing rate for their services." *Id.* Here, the parties agree that Attorney Michael P. McCormick's (MPM) hourly rate of $300 per hour is reasonable. (Doc. 16

at 2; Doc. 18 at 1). The same is true for Kyle W. Bickford's (KWB) and Erik A. Schramm, Jr.'s (EJS) rate of $250 per hour. (Doc. 16 at 2; Doc. 18 at 1). Thus, the only issue for the Undersigned to resolve is the reasonableness of the hours expended on the Motion (Doc. 10).

### B. Hours Expended

The second step in the lodestar analysis is to determine the reasonableness of the hours spent. Hours that were not reasonably expended, including "excessive, redundant, or otherwise unnecessary hours," should be excluded. *Bunn Enterprises, Inc. v. Ohio Operating Engineers Fringe Benefit Programs*, No. 2:13-CV-00357, 2016 WL 223717, at *3 (S.D. Ohio Jan. 19, 2016). This is done, in part, by reviewing the billing records. *Easter*, 2020 WL 419433, at *2; *see also Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008). Notably, the Undersigned's "goal . . . is to do rough justice, not achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). And "[t]here is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. District courts may either make line-by-line reductions or "implement an across-the-board reduction by a certain percentage." *Miller v. Food Concepts Int'l, LP*, No. 2:13-CV-00124, 2017 WL 5247542, at *6 (S.D. Ohio Nov. 13, 2017).

Here, Plaintiff seeks $16,942.61 in fees for 68.45 hours of work done by Plaintiff's attorneys. (Doc. 16 at 5–10). Plaintiff's counsel represents that the bill is already reduced by $2,825.00 from "courtesy discounts" and the time billed on 9/1/21 and 10/7/21. (*Id.* at 5, 8, 10). Below is a chart summarizing Plaintiff's counsel's bill (*Id.* at 5–10):

| **Attorney** | **Rate** | **Hours** | **Total** |
|---|---|---|---|
| McCormick (MPM) | $300/hr. | 53.75 | $16,125 |
| Bickford (KWB) | $250/hr. | 13.2 | $3,300 |
| Schramm (EJS) | $250/hr. | 1.5 | $375 |
| | | Expenses Added | $12.61 |
| | | Expenses Subtracted | – $2,870 |
| | | Total | $16,942.61 |

3

Defendants argue that the bill is "clearly excessive for the amount of legal work required to produce a competent motion to remand and [the] accompanying disclosure documents[,]" which are a Rule 26(f) form and a corporate disclosure form. (Doc. 18 at 4). In particular, Defendants challenge the hours spent on researching, drafting, and revising the Motion; preparing the Rule 26(f) report; and drafting the Reply in support of the Motion. (*Id.* at 2–3 (listing challenged entries)). Defendants say that since the "legal issues presented in the motion to remand are not complex," ten hours (totaling a fee of $3,000) is more reasonable. (*Id.* at 4–5). Expectedly, Plaintiff's counsel disagrees, arguing the hours worked are reasonable and compensable. (*See generally* Doc. 19).

Upon review, the Undersigned finds that 68.45 hours of work on the Motion (Doc. 10) and other documents associated with removal is not supported. Yet, the Undersigned also finds that Defendants' proposed amount of $3,000 is not nearly enough to compensate Plaintiff. In order to determine a reasonable number of hours, the Court will conduct a line-by-line analysis. To do so, the Court considers the challenged categories of work: Work on the Motion, Work on the Rule 26(f) report, and Work on the Reply in support of the Motion.

The first and most time-intensive category is work related to the Motion, including research, drafts, and revisions. The Motion addressed two distinct legal issues, federal diversity jurisdiction and the forum defendant rule. (*See generally* Doc. 10). It is fifteen pages long. (*Id.*). Counsel Bickford performed 4.6 hours researching, drafting, and revising the Motion. (Doc. 16 at 5, KWB 9/8/21 and 9/9/21). This is reasonable given the amount of research on the two legal issues and the time necessary for an initial draft of this complexity and length. Counsel McCormick, on 9/13/21, billed 4.95 hours, which included: "review draft of Motion to Remand and research by KWB, conduct my own research. Review, revise, and edit drafts of Motion to

4

Remand . . . ." (*Id.* at 5–6, MPM 9/13/21). The Undersigned similarly finds this to be reasonable given that it was Counsel McCormick's first time considering the draft, reviewing the research, conducting his own research, and making edits. Yet, in the days to come, it appears that Counsel McCormick billed an additional 20.6 hours revising the Motion. (Due to block billing, the time entry is not entirely clear.) Over 20 hours spent on revisions is unreasonable given how much time was already spent on the Motion. Accordingly, the Undersigned deducts 7.4 hours from the total; specifically, the Undersigned adjusts MPM's entries on 9/14/21–9/17/21, and 9/20/21. This leaves a total of 13.2 hours that Counsel McCormick spent, at least in part, on revising and reviewing the Motion. (*Id.* at 4–5, MPM 9/22/21–9/24/21). Given the complexity of the legal issue, the length of the Motion, uncertainty related to block billing, and variations in attorney work habits and style, the Undersigned finds this reduction makes the total hours spent on the Motion reasonable.

The second category is work related to preparing the Rule 26(f) report. Counsel Bickford billed 2.9 hours related to the Rule 26(f) report. (*Id.* at 7–8, KWB 9/23/21, 9/27/21, 9/28/21). And Counsel McCormick billed 8.8 hours related to the report, excluding entries on 9/23/21 and 9/24/21, which do not appear to contribute significantly to the Rule 26(f) report. (*Id.*, MPM 9/27/21–9/29/21). Based on the billing reports, 11.7 hours were spent preparing the report. Again, the Undersigned finds the total amount to be too much. Work on a Rule 26(f) report, including drafting, revising, meetings, and various correspondence, should take one to two hours for this type of case. Accordingly, the Undersigned reduces the hours spent on the report by seventy-five percent. This results in a deduction of 2.18 hours from Counsel Bickford's hours and 6.6 hours from Counsel McCormick's hours. The total hours spent, at least in part, on the Rule 26(f) report is now 2.92 hours. This total accounts for flexibility in attorney work style and block billing

5

inaccuracies. The Undersigned also notes that the work on the Rule 26(f) report, which is about case management, is not for nothing. Much of it will be transferable to the state court action.

The third category is work related to the Reply in support of the Motion. The Reply addresses several legal issues and is nine pages long. (*See generally* Doc. 15). Counsel Bickford spent 0.6 hours on the Reply. (Doc. 16 at 10, KWB 10/13/21–10/15/21). This is not excessive and is presumptively reasonable. *See Ousley*, 496 F. Supp. 2d at 850. Counsel McCormick spent 11.8 hours on the Reply, with 8.95 hours listing review, revise, and edit in the billing description. (Doc. 16 at 9–10, MPM 10/8/21, 10/11/21–10/15/21, 10/18/21). The Court finds that nearly 9 hours on revisions is excessive. Thus, the Court reduces this by 2.4 hours, which corresponds to Counsel McCormick's billing entries on 10/14/21 and 10/15/21. (*Id.* at 10, MPM 10/14/21, 10/15/21). This reduction gives Counsel McCormick 9.4 hours to draft and revise the Reply. This number of hours is more consistent with the amount of time needed to draft such a brief. This is especially true because the Reply did not require much, if any, additional legal research on jurisdiction or the forum defendant rule but did require more thorough briefing on the fee request. (*See generally* Doc. 15).

In total, the Undersigned has excluded 18.58 hours from the bill, resulting in a total of $11,477.61 in attorney's fees. Below is a chart reflecting Plaintiff's bill adjusted with reasonable hours:

| Attorney | Rate | Billed Hours | Reduction | Reasonable Hours | Total |
|---|---|---|---|---|---|
| McCormick (MPM) | $300/hr. | 53.75 | – 16.4 | 37.35 | $11,205 |
| Bickford (KWB) | $250/hr. | 13.2 | – 2.18 | 11.02 | $2,755 |
| Schramm (EJS) | $250/hr. | 1.5 | ----- | 1.5 | $375 |
| | | | | Expenses Added | $12.61 |
| | | | | Expenses Subtracted | – $2,870 |
| | | | | Total | $11,477.61 |

6

**III.  CONCLUSION**

The Undersigned previously found that attorney's fees were warranted in this case. (Doc. 17). Using the lodestar method and analyzing the reasonableness of the hours expended, the Undersigned concludes that $11,477.61 is a reasonable fee award.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)( 1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: November 30, 2021                        /s/Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE

7